IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERRY SCHWAB,**

    **Petitioner,**

    v.

**WARDEN, MARION CORRECTIONAL INSTITUTION,**

    **Respondent.**

CASE NO. 2:15-CV-0491
CHIEF JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE KEMP

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the petition, the return of writ, the traverse, and Respondent's reply to the traverse. Petitioner has also filed a motion for change of caption and to change his address on the docket, which motion (Doc. 14) is granted. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as a mixed petition unless, within thirty days, Petitioner elects to withdraw his first ground for relief or moves for a stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005) .

### I. Facts and Procedural History

The following facts are taken from the parties' filings, which include all of the relevant state court documents. The Court will focus on the procedural history of the case because Respondent's primary argument is that all of the claims Petitioner seeks to raise in this Court were procedurally defaulted.

This case involves Petitioner's convictions after a jury trial in the Athens County

Court of Common Pleas on five total counts relating to two drug transactions or drug-related incidents which occurred on March 9, 2011 and April 1, 2011. After conviction, Petitioner was sentenced to a total of twenty years in prison. *Return*, Ex. 7. Through counsel, Petitioner appealed to the Fourth District Court of Appeals, which granted him leave to appeal out of time (his notice of appeal was one day late). In his brief (Ex. 11), Petitioner's counsel raised only two assignments of error: that the evidence presented at trial was insufficient to support the convictions, and that the convictions were against the manifest weight of the evidence. In a decision issued on September 23, 2013, the Fourth District Court of Appeals affirmed Petitioner's convictions and sentence with one exception. It found that there was not sufficient evidence to support a charge of corrupting another with a drug, one of the charges arising out the March 9, 2011 drug transaction. *State v. Schwab,* 2013 WL 5476402 (Athens Co. App. Sept. 23, 2013). However, upon the State's motion to reconsider, the court of appeals reversed itself and sustained that conviction. *State v. Schwab*, 2014 WL 356628 (Athens Co. App. Jan. 21, 2014). Petitioner did not appeal that decision to the Ohio Supreme Court.

Proceeding *pro se*, Petitioner then filed a motion to reopen his appeal pursuant to Ohio Appellate Rule 26(B). He asserted in that motion that his appellate counsel was ineffective for failing to raise certain issues on appeal, that the same attorney was ineffective at the trial level, that his convictions for drug trafficking and drug possession were allied offenses of similar import and should have been merged for sentencing purposes, and that the trial court's jury instructions were incomplete. *Return*, Ex. 16. In

2

an entry filed on May 29, 2014, the state court of appeals denied the motion, citing, as its reasons, both that the motion did not attach relevant parts of the record (something which is required by Ohio Appellate Rule 26(B)(2)(e)) and, as to the second and third claims, because those claims are not properly raised in a 26(B) motion to reopen. *Return*, Ex. 17. Petitioner appealed that decision to the Ohio Supreme Court, which declined to hear his appeal. *State v. Schwab*, 140 Ohio St. 3d 1442 (Sept. 24, 2014).

On January 7, 2015, Petitioner again sought relief from the state court of appeals, this time by filing a Civil Rule 60(B) motion in that court. This effort fared no better. The court of appeals denied the motion on February 2, 2015, noting that Rule 60(B) does not apply to decisions rendered by a state court of appeals. *Return*, Ex. 23. Petitioner did not take an appeal from that decision.

On February 4, 2015, Petitioner filed this federal habeas corpus petition. He asserts that he was denied his right to effective assistance of appellate counsel (ground one); was improperly sentenced because two of his convictions were for allied offenses of similar import (ground two); was deprived of a fundamentally fair trial due to improper jury instructions (ground three); and that the state court of appeals made an unreasonable determination of the facts in light of clearly established federal law (ground four). Respondent asserted, in the return, that these claims were not clearly spelled out and were not supported by facts, and also that they were all procedurally defaulted. That assertion is repeated in Respondent's reply to the traverse; the traverse contained a more detailed explanation of the basis of Petitioner's claims. The basic question raised by the Return is

3

whether Petitioner properly preserved any of his claims for federal habeas corpus review, but, as noted below, the Court is currently unable to reach this issue.

## II. Exhaustion and Procedural Default

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. §2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present his claims, then his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6, 103 (1982 (*per curiam*) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust his claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas...." *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory'

4

to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. In the words used by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case-that is, they are "procedurally defaulted."

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is waived by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with, and that the rule was an adequate and independent state ground, then the petitioner must

5

demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

Turning to the fourth part of the *Maupin* analysis, in order to establish cause, petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Constitutionally ineffective counsel may constitute cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In order to constitute cause, an ineffective assistance of counsel claim generally must " 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.' " *Edwards*, 529 U.S. at 452 (quoting *Murray v. Carrier*, 477 U.S. 478, 479 (1986)). That is because, before counsel's ineffectiveness will constitute cause, "that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted." *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005). Or, if procedurally defaulted, petitioner must be able to "satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards v. Carpenter*, 529 U.S. 446, 450–51 (2000). The Supreme Court explained the importance of this requirement:

> We recognized the inseparability of the exhaustion rule and the procedural-default doctrine in *Coleman*: "In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in

6

> state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." 501 U.S., at 732, 111 S.Ct. 2546, 115 L.Ed.2d 640. We again considered the interplay between exhaustion and procedural default last Term in *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), concluding that the latter doctrine was necessary to " 'protect the integrity' of the federal exhaustion rule." *Id.*, at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (quoting id., at 853, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting)). The purposes of the exhaustion requirement, we said, would be utterly defeated if the prisoner were able to obtain federal habeas review simply by " 'letting the time run' " so that state remedies were no longer available. *Id.*, at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1. Those purposes would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it. In such circumstances, though the prisoner would have "concededly exhausted his state remedies," it could hardly be said that, as comity and federalism require, the State had been given a "fair 'opportunity to pass upon [his claims].' " *Id.*, at 854, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting) (emphasis added) (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950)).

*Edwards*, 529 U.S. at 452–53.

If, after considering all four factors of the *Maupin* test, the court concludes that a procedural default occurred, it must not consider the procedurally defaulted claim on the merits unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)).

7

As the Court's summary of the state court proceedings shows, the only federal constitutional claim which was decided (at least once) on its merits by the state courts was Petitioner's claim, raised in his direct appeal, that the evidence was insufficient to support the convictions. Petitioner did not appeal the ultimate denial of that claim to the Ohio Supreme Court, so he did not preserve it for federal review. No claim designated as a sufficiency of the evidence claim appears in the petition. However, it seems, based on the traverse, that Petitioner's fourth ground for relief is, in fact, a sufficiency of the evidence claim, at least as to the charge of corrupting another - the claim which the Fourth District Court of Appeals initially decided in Petitioner's favor, and then reconsidered based on the State's motion. Petitioner argues that, but for his counsel's failure to respond to the motion for reconsideration, the court of appeals would not have resolved this issue against him.

Before reaching the issue of procedural default, the Court notes that Petitioner is still able to pursue this claim by filing a motion for leave to file a delayed appeal to the Ohio Supreme Court. *See* Ohio Supreme Court Rule of Practice 7.01(A)(4). Consequently, his sufficiency of the evidence claim is unexhausted - that is, he still has the opportunity to present it to the Ohio Supreme Court. That means that the petition in this case is what is referred to as a "mixed petition" - that is, one containing both exhausted and unexhausted claims.

In *Ivey v. Warden, Hocking Correctional Facility*, 2015 WL 457401, *5 (S.D. Ohio Feb. 3, 2015), the Court made these observations about mixed petitions:

> Although the exhaustion requirement is not jurisdictional, and an

8

application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust, see 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring the exhaustion of state remedies. *See Granberry v. Greer*, 481 U.S. 129, 131, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy*, 455 U.S. 509, 510, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

There is an exception to the general rule, however, that comes into play if a petitioner decides to withdraw the unexhausted claim and proceed only on those claims which either have been fairly and properly presented to the state courts, or for which there is no longer an available mechanism for doing so. As the Court also noted in *Ivey*, especially where outright dismissal could implicate the statute of limitations for a later filing, it is appropriate to ask the petitioner "whether he wishes to withdraw [the unexhausted] ground for relief and proceed to judgment on the remaining claims for relief alleged in the petition that pose no exhaustion concerns." *Id*. at 9.

Following *Ivey*, the Court will give Petitioner the opportunity to withdraw his unexhausted claim and proceed to judgment on the remaining issues. Alternatively, he may request a stay of the entire case pending exhaustion of his state remedy as to ground four, although he must meet the requirements of *Rhines v. Weber*, 544 U.S. 269 (2005) to obtain such relief. As this Court has explained *Rhines*, in this particular context, in order to obtain a stay, "petitioner [must] establish good cause for failing, to date, to pursue a delayed appeal to the Ohio Supreme Court" and must also show that the claim at issue is "potentially meritorious." *Toledo v. Banks*, 2010 WL 2620593, *5 (S.D. Ohio June 25, 2010),

9

*adopted and affirmed* 2010 WL 3061514 (S.D. Ohio Aug. 2, 2010). The Court expresses no opinion on these issues at this time, but will determine them should Petitioner opt to move for a stay and abeyance under *Rhines* rather than dismiss ground four. If Petitioner chooses neither of these options, the Court will recommend that the petition be dismissed in its entirety as a mixed petition. *Rose v. Lundy, supra*.

### III. Recommended Disposition

For the reasons set forth above, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as a mixed petition unless, within thirty days, Petitioner elects to withdraw his first ground for relief or moves for a stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005),

### IV. Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendati*on will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge